[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court by way of an appeal from a decision of the Derby Zoning commission denying an application of the plaintiff appellant Samuel Heyman doing business as Heyman properties for a modification of a special exception use relating to property located at 656 New Haven Avenue, Route 34, and commonly referred to as the Caldor Shopping Center.
The property which is the subject of this appeal consists of a 20.9029 acre tract of land upon which there are several free standing structures. The two major structures which lie to the CT Page 13286 rear of the property are separated from each other by a 60 foot wide driveway which gives access to the rear of the structures allowing for the passage of emergency vehicles as well as delivery vehicles and others in general. The application seeks to add an additional 5400 square feet of retail space by joining the two structures and thereby eliminate this passageway. To assure continued access to the rear, the proposal calls for the construction of a driveway from Sodom Lane to the rear of these structures. The property bordering Sodom Lane opposite the shopping center is zoned residential while Sodom Lane itself can best be described as rural in character.
Several public hearings were held wherein concerns were expressed by various city agencies as well as neighbors. In an effort to address these concerns the driveway was moved to a point on Sodom Lane opposite Marshall Lane. Nevertheless, concern continued to be expressed by neighbors and some of the agencies relating to access by emergency vehicles as well as truck deliveries and the use of this access way by the general public.
After several hearings, the Commission voted to deny the application giving as its reason: "insufficient evidence of the plan." It is from this decision that the appellant has appealed to this court claiming that the Board has acted illegally, arbitrarily and in abuse of its discretion in denying their application.
Section 23-12 of the Derby Zoning Regulations relates to Special Exception Uses.
Section 23-12 (b) states the following as to their purpose:
 "Uses permitted as Special Exception Uses subject to the approval of the zoning commission are deemed to be permitted uses in their respective districts, subject to the satisfaction of the requirements and standards of this section. Special Exceptions Uses that may be permitted in a district are unusual ones that under particular circumstances can be appropriate, harmonious and desirable uses in the district but that possess such special characteristics that each use should be considered as an individual case to assure promotion of the CT Page 13287 public health, safety and welfare and consistency with the comprehensive plan of zoning."
Relating to approval, § 23-12 (e) states:
 "After the public hearing the zoning commissioner may approve a Special Exception if it shall find that the proposed use and the proposed building and structures will conform to the General Standards, in addition to any Special Standards for particular uses, hereinafter specified. . . . All Special Exceptions may be approved subject to appropriate conditions and safeguards necessary to conserve the public health safety, convenience, welfare and property values in the neighborhood."
Section 25-12 (q) states that:
 "Each special exception use shall conform to the following general standards: . . . (2) Special Exception Use site plan and architectural plans shall conform to all of the applicable site plan standards specified in section 25-13. (3) For every special exception use the commission shall make a specific finding supported by evidence produced at a public hearing in the manner provided by law that such use will not be prejudicial to the character of the neighborhood. (4) There shall be appropriate provision for access facilities adequate for the estimated traffic from public streets and sidewalks so as to assure the public safety and to avoid traffic congestion. Vehicular entrances and exists shall be clearly visible from the street. Streets serving the proposed use shall be adequate to carry prospective traffic without congestion and undue hazards. (5) There shall be adequate parking areas and off street truck loading spaces in conformity with this ordinance and all other pertinent ordinances for the CT Page 13288 anticipated number or occupants, employees and patrons and the layout of the parking spaces, truck loading spaces and interior driveways shall be convenient and conducive to safe operation."
Section 25-13 (e)(4) deals with access and circulation and requires that it be accomplished in such a manner as "to safeguard against hazards to traffic and pedestrians in the street and to provide safe and convenient circulation upon the lot.
The appellant has the burden of proving that the Commission acted improperly, arbitrarily or illegally. Adolphson v.Zoning Board of Appeals, 205 Conn. 703; Whittaker v.Zoning Board of Appeals of the Town of Trumbull,179 Conn. 654. A zoning commission has a wide discretion in applying its regulations and its decision will not be disturbed as long as an honest judgment has been reasonably and fairly executed after a full hearing. Whittaker v. Zoning Board of Appeals of theTown of Trumbull, supra p. 654.
There were several hearings held involving this matter and the record discloses that members of the Board as well as various neighbors indicated a serious concern regarding the traffic flow on Sodom Lane and its effect on the public health and safety that might follow. That is not to say that the record does not disclose a genuine effort on the part of the petitioner to reach an accord with everyone as evidenced by their offer to move the entrance to a point opposite Marshall Lane. This, too, however was met with serious concern for the public health and safety. The court itself has viewed the property in the company of counsel for the appellant and also counsel for the defendant Board. Should the two structures be jointed, it is obvious that such a closure would create a serious safety hazard limiting the access to the rear of both structures. It would appear that the only feasible access would then be via Sodom Lane. Opposition to this alternative has been raised relative to traffic safety.
"Courts are not to substitute their judgment for that of the board and decisions of local boards should not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. Upon appeal, it is the duty of the trial court to review the record before the board to determine whether it has acted fairly or with proper motives or upon valid CT Page 13289 reasons." Whittaker v. Zoning Board of Appeals, supra, 654.
While the applicant may have exerted every effort to reach an accommodation, this court cannot substitute its judgment for that of the Board. The record is replete with concerns expressed not only by those opposed to the petition but also members of the Board. The concern expressed by members of the Board is genuine and is found throughout the record.
Judgment may enter for the defendants herein.
The Court
Curran, J.